**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM,<br><br>    Plaintiff,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC,<br>*et al.*,<br><br>    Defendants. | 20 Civ. 5615 (KPF) |
| RETIREMENT PROGRAM FOR EMPLOYEES OF<br>THE TOWN OF FAIRFIELD, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC,<br>*et al.*,<br><br>    Defendants. | 20 Civ. 5817 (KPF) |
| LEHIGH UNIVERSITY,<br><br>    Plaintiff,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC,<br>*et al.*,<br><br>    Defendants. | 20 Civ. 7061 (KPF) |
| TEAMSTER MEMBERS RETIREMENT PLAN,<br>*et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, | 20 Civ. 7154 (KPF) |

Defendants.

BLUE CROSS AND BLUE SHIELD ASSOCIATION NATIONAL EMPLOYEE BENEFITS COMMITTEE,

   Plaintiff,

     v.

ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,

   Defendants.

20 Civ. 7606 (KPF)

METROPOLITAN TRANSPORTATION AUTHORITY DEFINED BENEFIT PENSION PLAN MASTER TRUST, *et al.*,

   Plaintiffs,

     v.

ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,

   Defendants.

20 Civ. 7842 (KPF)

CHICAGO AREA I.B. OF T. PENSION PLAN & TRUST, *et al.*,

   Plaintiffs,

     v.

ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,

   Defendants.

20 Civ. 7952 (KPF)

THE EMPLOYES' RETIREMENT SYSTEM OF
THE CITY OF MILWAUKEE,

      Plaintiff,

          v.

ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,

      Defendants.

20 Civ. 8642 (KPF)

---

CHICAGO & VICINITY LABORERS DISTRICT
COUNCIL PENSION FUND AND CHICAGO &
VICINITY LABORERS DISTRICT COUNCIL
HEALTH & WELFARE FUND, *et al.*,

      Plaintiffs,

          v.

ALLIANZ GLOBAL INVESTORS U.S. LLC*, et al.*,

      Defendants.

20 Civ. 9478 (KPF)

---

THE BOARDS OF TRUSTEES FOR THE
CARPENTERS HEALTH AND SECURITY TRUST
OF WESTERN WASHINGTON AND FOR THE
GROUP INVESTMENT TRUST OF THE
CARPENTERS INDIVIDUAL ACCOUNT PENSION
TRUST OF WESTERN WASHINGTON, *et al.*,

      Plaintiffs,

          v.

ALLIANZ GLOBAL INVESTORS U.S. LLC*, et al.*,

      Defendants.

20 Civ. 9479 (KPF)

---

UNITED FOOD & COMMERCIAL WORKERS
UNIONS & EMPLOYERS MIDWEST PENSION
FUND, AND ITS TRUSTEES,

      Plaintiffs,

          v.

ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,

      Defendants.

20 Civ. 9587 (KPF)

---

TRUSTEES OF THE INTERNATIONAL

| | |
|---|---|
| BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 38 PENSION FUND PENSION PLAN, <br><br>      Plaintiffs, <br><br>          V. <br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al*., <br><br>      Defendants. | 20 Civ. 10028 (KPF) |

## [PROPOSED] CIVIL CASE MANAGEMENT PLAN #1

This Civil Case Management Plan (the "Plan") is submitted by the parties in each of the twelve above-captioned related cases (together, the "Related Actions") in accordance with Fed. R. Civ. P. 26(f)(3) to address the next steps in case management.[1]  In the event that further actions filed on or after December 3, 2020 are designated as related to the Related Actions, the Court will hear from the parties and consider whether to amend this Plan to include those actions as Related Actions under the terms of this Plan; to extend any deadlines set by this Plan; to stay those actions; or to have those actions proceed pursuant to a different case management plan.

1.   All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.   Settlement discussions have not taken place.

3.   The parties have met and conferred as provided for in Fed. R. Civ. P. 26(f).

4.   **Dismissal Without Prejudice of Affiliate Defendants**

Seven of the Related Actions, *Arkansas Teacher Retirement System*, No. 20 Civ. 5615 ("*ATRS*"); *Employes' Retirement System of the City of Milwaukee* ("*CMERS*"), No. 20 Civ. 8642; *Chicago & Vicinity Laborers' District Council Pension Fund*, No. 20 Civ. 9478 ("*Chicago Laborers*"); *Boards of Trustees for the Carpenters Health and Security Trust*, No. 20 Civ. 9479 ("*Washington Carpenters*"); *Chicago Area I.B. of Teamsters Pension Plan & Trust*, No. 20 Civ. 7952 ("*Chicago Plans*"); *Teamster Members Retirement Plan,* No. 20 Civ. 7154 ("*Teamsters*"); and *United Food & Commercial Workers Unions & Employers Midwest Pension Fund*, No. 20 Civ. 9587) ("*UFCW*"), named as Defendants Allianz Global Investors U.S. LLC ("AllianzGI US") and eight other Allianz entities: Allianz Global Investors U.S. Holdings LLC, Allianz SE, Allianz Asset Management GmbH, Allianz of America, Inc., Allianz Asset Management of America Holdings Inc., Allianz Asset Management of America LLC, Allianz Asset Management of America LP, and PFP Holdings Inc. (collectively, the "Affiliate Defendants").  Four of the Related Actions, *Retirement Program for Employees of the Town of Fairfield et al.*, No. 20 Civ. 05817 ("*Fairfield*"), *Lehigh University*, No. 20 Civ. 7061 ("*Lehigh*"), *Metropolitan Transportation Authority Defined Benefit Pension Plan Master Trust*, No. 20 Civ. 7842 ("*MTA*") and *Board of Trustees of Int'l Brotherhood of Elec. Workers, Local No. 38 Pension Fund Pension Plan*, No. 20 Civ. 10028 ("*IBEW*"), named as Defendants AllianzGI US and Allianz SE.  Defendants other than AllianzGI US and Aon are referred to herein as

---

[1]      Defendant Aon Investments USA, Inc. ("Aon") is a party in *Blue Cross Blue Shield Association National Employee Benefits Committee* v. *Allianz Global Investors U.S. LLC et al,* No. 20 Civ. 07606 ("*BCBS*") and no other action.  Aon joins the below only insofar as it relates to Aon's obligations as a party to *BCBS*, and by so joining does not waive any rights and does not consent to participate in any other Related Action as a party.  Except as expressly noted, Aon takes no position on the issues below and is prepared to comply with those deadlines ordered by the Court in *BCBS*.

the "Dismissed Affiliate Defendants" and the Related Actions identified in this paragraph are referred to herein as the "11 Related Actions."[2]

In order to streamline motion to dismiss briefing and discovery, Plaintiffs in the 11 Related Actions will, no later than three business days after the entry of this Order, voluntarily dismiss claims against the Dismissed Affiliate Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1) without prejudice to their inclusion at a later time, and the Plaintiffs in the 11 Related Actions and the Dismissed Affiliate Defendants agree that, to the extent permitted by applicable law, the running of the Dismissed Affiliate Defendants' statute of limitations, statute of repose, or other time-related defenses or claims shall be tolled as to each Plaintiff in the 11 Related Actions as if such Plaintiff's claims were filed on the respective dates each such Plaintiff filed a complaint naming any or all of the Dismissed Affiliate Defendant(s) until the date that is one year from the date of the entry of this Order (the "Tolling Period"). Plaintiffs in the 11 Related Actions shall meet and confer with the Dismissed Affiliate Defendants no later than 30 days prior to the end of the Tolling Period to discuss extending the Tolling Period on mutual consent. The Dismissed Affiliate Defendants agree that they will not oppose a Rule 15 amendment asserting claims against the Dismissed Affiliate Defendants as defendants or including any allegations relating to the Dismissed Affiliate Defendants. The Dismissed Affiliate Defendants may thereafter move to dismiss those claims. The Plaintiffs in *Teamsters* and *Fairfield* (the "Putative Class Actions") and the Dismissed Affiliate Defendants have further agreed that putative absent class members in those cases may benefit from the tolling agreement to the extent permitted by applicable law.

**5.      Dismissal Without Prejudice Related to Defendant Aon**.

Plaintiff BCBS and Defendant Aon have reached an agreement regarding the dismissal of certain of BCBS' claims against Aon without prejudice, and anticipate submitting a joint stipulation memorializing that agreement with the Court within three business days.

**6.      Meet and Confer Regarding AllianzGI US's Arguments for and Briefing of Motions to Dismiss**.

In light of (i) certain overlapping claims and issues across the Related Actions; (ii) the parties' efforts since the November 17, 2020 initial pre-trial conference to streamline the issues to be briefed in motions to dismiss the Related Actions; and (iii) new complaints and amended complaints filed since November 12, 2020, AllianzGI US shall provide a further description in writing no later than December 14, 2020 identifying the arguments AllianzGI US currently intends to raise in such motions to dismiss and its proposed format for the briefing of such motions (and shall do so in a form that identifies, for each Related Action, what arguments for dismissal it intends to make with respect to such Action). Further, AllianzGI US shall also identify in that writing whether it intends to move for consolidation of any Related Actions, or to move for a stay of motions to dismiss in some of the Related Actions while proceeding with motion practice in a particular Related Action or Related Actions. Plaintiffs in the Related Actions, to the extent applicable, shall meet and confer with AllianzGI US no later than December 15, 2020 to discuss AllianzGI US's

---

[2]      *BCBS* did not name any of the Affiliate Defendants.

positions, and the format and briefing of motions to dismiss, which may include omnibus briefing for overlapping issues or case-specific briefing for non-overlapping issues.

Subject to their review of AllianzGI US's positions and the meet and confer to take place by December 15, 2020, and provided that the substance, form or timing of AllianzGI US's motions to dismiss do not materially change from those previously discussed by the parties, Plaintiffs will brief AllianzGI US's omnibus motions to dismiss on an omnibus basis. To the extent that AllianzGI US's motions to dismiss, as reflected in the December 14, 2020 proposal, raise issues not previously contemplated in the parties' conferrals, Plaintiffs reserve their rights to seek leave of the Court to respond to such motions in a different manner.

7.     **Briefing Schedule for Motions to Dismiss**.

**AllianzGI US's Position:**

AllianzGI US proposes that motions to dismiss complaints in actions first filed after December 3, 2020 (the "MTD Cut-Off Date") that are designated as related to the Related Actions shall be stayed until the Court rules on the motions to dismiss filed in the Related Actions.

Because the parties continue to meet and confer on the issues set out in paragraph 6 hereof, there is uncertainty concerning the format and reasonable number of pages required for briefing AllianzGI US's motions to dismiss. AllianzGI US reserves the right to seek an extension of the schedule and page limits following the conferrals contemplated herein, which will include discussion of appropriate page limits, or if the MTD Cut-Off Date is not set. The parties will advise the Court in a joint request if agreement is reached as to page limits, or shall submit a joint letter advising the Court of the parties' differing positions in the event no agreement is reached.

**Joint Proposed Briefing Schedule:**

| Submission | Page Limits | Filing Date |
|---|---|---|
| AllianzGI US confirms approach to briefing and arguments for MTD | N/A | December 14, 2020 |
| Parties meet and confer re AllianzGI US's proposal | N/A | December 15, 2020 |
| Plaintiffs file further amended complaints, if any | N/A | December 24, 2020 |
| AllianzGI US's Opening Brief(s) | To be discussed during December 15 meet and confer | February 25, 2021 |

| Plaintiffs' Opposition Brief(s) | To be discussed during December 15 meet and confer | April 26, 2021 |
| AllianzGI US's Reply(ies) | To be discussed during December 15 meet and confer | May 26, 2021 |

8. **Amended Complaints**.  Any amendments of the complaints in the Related Actions after December 24, 2020 shall be either with the opposing party's written consent or the Court's leave.  Plaintiffs reserve their rights to amend under Fed. R. Civ. P. 15(a)(1).

9. **Answers**.  AllianzGI US will file Answers in the Related Actions on a rolling basis following the Court's ruling on motions to dismiss filed in any of the Related Actions, beginning as soon as reasonably practicable with the first-filed Related Action and continuing through the later-filed Related Actions, with all Answers filed no later than 90 days after such ruling.  No Answer shall be due in any Related Action while any motion to dismiss remains pending in any Related Action before the Court.  Aon's Answer will be due on the same day on which AllianzGI US's Answer is filed in *BCBS*, provided that AllianzGI provides Aon with 14 days' notice of the intended date of service of its Answer in *BCBS*.

10. **Pre-Motion Letters**.  The Court's normal pre-motion conference letter requirement in this case will largely be suspended concerning AllianzGI US's anticipated motions to dismiss, except in the event that one or more of the parties believes it is necessary following the meet and confer described in Paragraph 6.

11. **Class Certification Motions**.  The parties (or AllianzGI US and Lead Plaintiff(s), if the court has appointed Lead Plaintiff(s)), in the Putative Class Actions will meet and confer on a briefing schedule for class certification motions within 14 days of the Court's ruling on motions to dismiss in those Related Actions.

12. **Discovery**.

   a. **Initial Disclosures**.  Plaintiffs in the Related Actions, AllianzGI US and Aon (as a party to *BCBS* only) shall produce their disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than 60 days from the date of this Order.  AllianzGI US shall produce its disclosures on a rolling basis beginning as soon as reasonably practicable after the entry of this Order with the first-filed Related Action and continuing with the later-filed Related Actions, with all such disclosures filed within the 60-day deadline.

   b. **Applicable Rules**.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   c. **ESI Protocol**.  The parties are negotiating provisions for the disclosure, discovery, and preservation of electronically stored information (ESI).  Within 14 days from the date of this Order, the parties shall either file an agreed ESI protocol or present any disputes concerning such ESI protocol to the Court.

d. **Protective Order**.  The parties are negotiating a protective order to govern materials that may be designated as confidential and/or privileged in this matter.  The agreement between the parties for designating materials as confidential must conform to the Court's Individual Rules regarding the filing of materials under seal.  Within 14 days from the date of this Order the parties shall either file an agreed protective order reached between the parties or present any disputes concerning such protective order to the Court.

e. **Commencement and Coordination of Discovery**.  Fact discovery of Plaintiffs, of Defendant AllianzGI US, of Defendant Aon (as a party to *BCBS* only), and of third parties shall commence on December 10, 2020.  Given the anticipated overlap of certain factual issues, discovery is to be coordinated among the parties in the Related Actions to the greatest extent possible and pursuant to the parties' agreed-upon discovery plan, which shall be submitted to the Court by January 25, 2021.

f. **Completion of Fact and Expert Discovery**:

*Plaintiffs' Position:*

All fact discovery shall be completed no later than October 29, 2021.  The parties shall meet and confer by June 3, 2021 to determine whether there is good cause to extend the fact discovery deadline.  Should the parties agree that good cause exists to extend the fact discovery deadline, the parties shall so advise the Court in a joint request to modify this Order.  If the parties disagree on whether good cause exists to extend the fact discovery deadline, the parties shall submit a joint letter to the Court advising the Court of the parties' dispute.

All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than February 28, 2022, subject to the provisions in Paragraph 13 below.

*AllianzGI US's Positions:*

**AllianzGI US's Position on Completion of Fact Discovery**

Given (i) the parties' disagreement over the amount of time realistically needed to conduct fact and expert discovery in the Related Actions; (ii) the large volume of anticipated party and third-party document discovery; (iii) the large number of anticipated party and third-party depositions, which likely will exceed 80 depositions in total; and (iv) the need to schedule class certification briefing during the fact discovery period, fact discovery shall be completed no later than June 10, 2022.  The parties shall meet and confer no later than six months prior to the fact discovery deadline to determine whether any extension of the deadline is warranted.

**AllianzGI US's Position on Completion of Expert Discovery**

Subject to paragraph 13, expert discovery shall be completed no later than nine months following the fact discovery deadline.

13.   **Meet and Confer Regarding Expert Disclosures**.  No later than [***Plaintiffs' proposal***:
July 1, 2021 (*i.e.*, 30 days after the agreed date for substantial completion of document
productions pursuant to the initial RFPs)]; [***AllianzGI US's proposal***: six months prior to
the fact discovery deadline], the parties shall meet and confer on a schedule for expert
disclosures, including the potential identification of topics on which experts will opine, the
timing of reports, rebuttal or reply reports (if any), the production of underlying documents,
and depositions, provided that expert report(s) of the party with the burden of proof shall
be due before those of the opposing party's expert(s).  The parties shall also meet and
confer as to any extension needed to the date for the completion of expert discovery.
Should the parties agree on such extension, the parties shall so advise the Court in a joint
request.  If the parties disagree on an extension to the close of expert discovery, the parties
shall submit a joint letter to the Court advising of the parties' dispute.

14.   **Interim Discovery Deadlines**

a.  Plaintiffs in the Related Actions shall coordinate to the greatest extent possible to serve
a single set of initial requests for production of documents on AllianzGI US applicable
to all Related Actions on December 10, 2020.  AllianzGI US will produce documents
it previously produced to the SEC that are identified in the first bullet in the paragraph
below within 45 days of service of the initial RFPs. The parties served with RFPs on
December 10, 2020 shall substantially complete production of documents pursuant to
such requests by June 1, 2021.  The parties will produce documents on a rolling basis,
and will meet and confer on a date for substantial completion of documents responsive
to all other RFPs and will present any disagreements to the Court.  Interim discovery
deadlines may be revised by written consent of all parties without application to the
Court, provided that the date for completion of fact or expert discovery, once set by the
Court, may only be revised by Court order.

**Plaintiffs' Position on Production of Documents Pursuant to Initial RFPs:**

Within 45 days of service of the initial RFPs served on AllianzGI US or Aon,
Defendants will produce, on an Attorneys' Eyes Only basis pending resolution of a
protective order (if no such order has been entered by that time), in each Related
Action any documents previously produced to the United States Securities and
Exchange Commission in connection with the SEC's related inquiry into the
Structured Alpha Funds, to the extent such documents pertain to the Related Actions,
or to the Plaintiff in a particular Related Action, if such documents concern:

•   Trading data or records reflecting the holdings, positions, and all transactions
and activity in the Structured Alpha Funds' portfolios (e.g., trade blotters);

•   Any documents, financial models or modeling reflecting analysis of the
Structured Alpha Funds' portfolios and positions, performance, or "mark-to-
market" data;

•   Any information or documents concerning scenario analyses, stress testing,
risk analysis or risk management of the Structured Alpha Funds, including

any information or analyses related to or provided by any Allianz affiliate, including but not limited to IDS GmbH;

- Any information or communications during March 2020 concerning the Structured Alpha Funds' need for capital, or concerning margin or collateral calls by its prime brokers;

- Any statements, equity runs, or margin call reports or requests from, or records of closing trades executed by, banks or financial institutions acting as prime brokers for the Structured Alpha Funds;

- Any internal communications (including emails, text messages, instant messages, or other electronic messaging platforms) relating to the Structured Alpha Funds from February 1, 2020 through April 30, 2020.

AllianzGI US has agreed to produce documents identified in the first bullet above within 45 days of service of the initial RFPs. In response to any initial RFPs served on Plaintiffs, within 45 days of service of such RFPs, Plaintiffs will produce any documents previously produced by such Plaintiff to the United States Securities and Exchange Commission, in connection with the public inquiry described in the prior paragraph.

**AllianzGI US's Position on Production of Documents Pursuant to Initial RFPs:**

The complexity of these actions and the need for an orderly, coordinated discovery process requires that, as contemplated in paragraph 14(b) hereof, the parties comply with the Federal and Local Rules applicable to discovery. This will permit the Court to resolve discovery disputes on a complete record, including the RFP in question, any objections served as to the RFP, and any meet and confers or agreements as between the parties related to the RFP.

To that end, the parties shall serve their respective RFPs on December 10, 2020, shall serve objections to the initial RFPs on January 11, 2021, and shall meet and confer no later than January 18, 2021 to discuss documents responsive to the RFPs that may be produced promptly. Specifically, AllianzGI US has already agreed to produce within 45 days of December 10, 2020, all trading and holdings data from the SEC production—*i.e.*, the documents identified in the first bullet in paragraph 14(a) above— which encompasses trades and daily net asset values for the Structured Alpha Funds during the relevant time period. In addition, AllianzGI US agrees to search the documents produced in connection with the pending SEC investigation, which is far broader in scope than the Related Actions, for documents relevant to the Related Actions that are responsive to Plaintiffs' RFPs and proportional to the needs of the Related Actions, to the extent the parties reach agreement on categories of documents or data to be produced and/or on date ranges, custodian names and search terms to be used to identify such documents from among the SEC productions. Plaintiffs are prepared to produce to AllianzGI US their document productions to the SEC. To the extent the parties are unable to reach agreement on their respective productions in response to the initial RFPs after a reasonable meet and confer process, a party may

bring a motion to compel production, in which both sides may brief the merits of their respective positions to the Court.

**b. Local Rule 33.3(a) Interrogatories**.  Interrogatories propounded to AllianzGI US, Aon (as a party to *BCBS* only), and Plaintiffs pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served, if needed, within 14 days after service of such party's initial disclosures pursuant to Rule 26.  Plaintiffs in the Related Actions shall, to the greatest extent possible, serve a set of common Local Rule 33.3(a) interrogatories applicable to all Related Actions on AllianzGI US at the same time.   No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. Local Rule 33.3(b) interrogatories may be served consistent with the limitations described in that Rule.  [***AllianzGI US's position on additional interrogatories***: Consistent with this Court's standard case management plan, no other interrogatories are permitted except upon prior express permission of the Court.]

**c. No Priority in Depositions**.  There is no priority in deposition by reason of a party's status as a plaintiff, a defendant or a third party.  The parties agree to coordinate as to the noticing, scheduling and timing of depositions and examination of witnesses in the Related Actions in a cooperative manner.  The parties will seek agreement on the scheduling of such depositions and seek Court resolution as needed.  The parties' agreements shall be memorialized in the Discovery Plan to be submitted on January 25, 2021.

**d. Requests to Admit**.  Requests to admit shall be served within 60 days after the close of fact discovery.

15. **Discovery Motions**.  All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

16. **Liaison Counsel**. To ensure the parties' meet-and-confer process is efficient, Plaintiffs shall meet and confer and no later than December 10, 2020 shall notify AllianzGI US of the names of counsel at up to two law firms representing Plaintiffs in the Related Actions who will act as liaison counsel for all Plaintiffs, with authority to meet and confer with AllianzGI US and to represent the Plaintiffs' collective position on discovery and scheduling issues as to issues common to the Related Actions.  Liaison Counsel shall not have authority to bind any Plaintiff or to negotiate issues concerning matters specific to a particular Plaintiff they do not represent.  Plaintiffs also reserve the right for counsel in all Related Actions to attend all meet and confers, though the scheduling of such meet and confers need not be contingent on the ability of all counsel to attend, and counsel not designated as liaison counsel for that meet and confer will not contribute substantively but rather attend on a "listen only" basis.

17. **Discovery Disputes**.  In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Plaintiffs must coordinate to the fullest extent possible so that the same or substantially the same discovery dispute in more than one Related Action is addressed in a single letter.  Such letter must include a representation that the meet- and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. The parties may seek page or time limit extensions in light of the number of Related Actions and the current uncertainty as to how discovery disputes may arise in more than one Related Action.

18. **Meet and Confer Regarding Settlement**.  In each Related Action, or collectively as the parties may agree, counsel must meet in person or by videoconference for at least one hour to discuss settlement within 14 days following the close of fact discovery.

19. **Alternative Dispute Resolution/Settlement**

  a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

      N/A

  b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

      The parties anticipate retention of a private mediator.

  c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 19(b) be employed at the following point in the case *(e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)*:

      After the close of fact discovery.

-13-

_____
_____
_____

**d.** The use of any alternative dispute resolution mechanism does <u>not</u> stay or modify any date in this Order.

**TO BE FILLED IN BY THE COURT IF APPLICABLE**

The next pretrial conference is scheduled for _____ at _____in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

Except as set forth herein, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: _____, 2020
       New York, New York