UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC LITIGATION, | 20 Civ. 5615 (KPF)<br>20 Civ. 5817 (KPF)<br>20 Civ. 7061 (KPF)<br>20 Civ. 7154 (KPF)<br>20 Civ. 7606 (KPF)<br>20 Civ. 7842 (KPF)<br>20 Civ. 7952 (KPF)<br>20 Civ. 8642 (KPF)<br>20 Civ. 9478 (KPF)<br>20 Civ. 9479 (KPF)<br>20 Civ. 9587 (KPF)<br>20 Civ. 10028 (KPF)<br><br>**SCHEDULING ORDER** |

KATHERINE POLK FAILLA, District Judge:

In a separate order issued simultaneously with this Order, the Court is endorsing the proposed case management plan submitted by the parties with certain modifications (the "CMP"). In this Order, the Court will explain the modifications it has made to the parties' proposed case management plan.

*First*, the Court adopts Defendants' proposal to stay motions to dismiss any complaints in actions filed after December 3, 2020, until after resolution of the anticipated motions to dismiss to be filed in the Related Actions. (*See* CMP ¶ 7).

*Second*, the Court clarifies that the Court is dispensing with the requirement for pre-motion letters only for Defendants' anticipated motions to dismiss. (*See* CMP ¶ 10). The parties are otherwise expected to comply with the Court's Individual Rules, including the requirement to submit pre-motion letters for all other motions.

*Third*, the Court adopts Defendants' proposed fact discovery deadline of June 10, 2022, with the understanding that the fact discovery deadline will almost certain not be extended further, even were new exceptional circumstances to emerge. (*See* CMP ¶ 12.f). While the Court is sympathetic to Plaintiffs' approach, the Court is loath to enter into a case management plan that invites the parties to request a further extension of fact discovery. The Court prefers to give the parties extra time up front with the proviso that no further time will be granted.

*Fourth*, the Court has accepted Defendants' proposed fact discovery deadline with the expectation that Defendants will produce, within 90 days of service of the initial RFPs, all documents that fall under the six bullet-pointed categories enumerated at CMP ¶ 14.a, as modified by the four lines preceding the bullet-pointed list. The Court believes this gives Defendants sufficient time to segregate any non-responsive documents. The Court leaves undisturbed the parties' agreement that Defendants will produce, within 45 days of service of the initial RFPs, all documents identified in the first bullet point enumerated at CMP ¶ 14.a. The Court has clarified that the parties shall meet and confer to discuss a schedule for production of all documents not identified in the initial RFPs. (CMP ¶ 14.a).

*Fifth*, the Court has set the expert discovery deadline for six months after the close of fact discovery. (*See* CMP ¶ 12.f). The Court has set the meet and confer regarding expert disclosures for no later than two months prior to the fact discovery deadline. (*See id.* at ¶ 13).

*Sixth*, the Court has adopted Defendants' proposed modification to specify that no other interrogatories are permitted except upon prior express permission of the Court. (*See* CMP ¶ 14.b).

*Finally*, although not memorialized in the case management plan, the Court addresses the dispute between the parties in case number 20 Civ. 7842 (KPF) over the schedule for an anticipated motion to dismiss of the *MTA* Plaintiffs' ERISA claim. The Court recognizes the merits of the *MTA* Plaintiffs' arguments about streamlining the case the opportunities for judicial efficiency. But having examined the issue — and not wanting to build into the schedule a second round of motions to dismiss — the Court would prefer that the standing issue as to the *MTA* Plaintiffs' ERISA claims be resolved in the first round of motions to dismiss.

The Clerk of Court is directed to docket this Order in case numbers 20-cv-5615, 20-cv-5817, 20-cv-7061, 20-cv-7154, 20-cv-7606, 20-cv-7842, 20-cv-7952, 20-cv-8642, 20-cv-9478, 20-cv-9479, 20-cv-9587, and 20-cv-10028.

SO ORDERED.

Dated: December 7, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge