# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM,<br><br>          Plaintiff,<br><br>    v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, ALLIANZ GLOBAL INVESTORS U.S. HOLDINGS LLC, ALLIANZ SE, ALLIANZ ASSET MANAGEMENT GMBH, ALLIANZ OF AMERICA, INC., ALLIANZ ASSET MANAGEMENT OF AMERICA HOLDINGS INC., ALLIANZ ASSET MANAGEMENT OF AMERICA LLC, ALLIANZ ASSET MANAGEMENT OF AMERICA LP, AND PFP HOLDINGS INC.,<br><br>          Defendants. | Case No. 1:20-cv-5615-KPF<br><br>(caption continues on following pages) |

## STIPULATED SECOND AMENDED PROTECTIVE ORDER

| | |
|---|---|
| RETIREMENT PROGRAM FOR EMPLOYEES OF THE TOWN OF FAIRFIELD, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br>　　　　Defendants. | No. 20 Civ. 5817 (KPF) |
| LEHIGH UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br>　　　　Defendants. | No. 20 Civ. 7061 (KPF) |
| TEAMSTER MEMBERS RETIREMENT PLAN, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br>　　　　Defendants. | No. 20 Civ. 7154 (KPF) |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION NATIONAL EMPLOYEE BENEFITS COMMITTEE,<br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br>　　　　Defendants. | No. 20 Civ. 7606 (KPF) |
| METROPOLITAN TRANSPORTATION AUTHORITY DEFINED BENEFIT PENSION PLAN MASTER TRUST, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br>　　　　Defendants. | No. 20 Civ. 7842 (KPF) |

| | |
|---|---|
| CHICAGO AREA I.B. OF T. PENSION PLAN & TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>Defendants. | No. 20 Civ. 7952 (KPF) |
| THE EMPLOYES' RETIREMENT SYSTEM OF THE CITY OF MILWAUKEE,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>Defendants. | No. 20 Civ. 8642 (KPF) |
| CHICAGO & VICINITY LABORERS DISTRICT COUNCIL PENSION FUND AND CHICAGO & VICINITY LABORERS DISTRICT COUNCIL HEALTH & WELFARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>Defendants. | No. 20 Civ. 9478 (KPF) |
| THE BOARDS OF TRUSTEES FOR THE CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON AND FOR THE GROUP INVESTMENT TRUST OF THE CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST OF WESTERN WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>Defendants. | No. 20 Civ. 9479 (KPF) |

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS UNIONS & EMPLOYERS MIDWEST PENSION FUND, AND ITS TRUSTEES, <br><br>     Plaintiffs, <br><br>        v. <br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, <br><br>     Defendants. | No. 20 Civ. 9587 (KPF) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 38 PENSION FUND PENSION PLAN, <br><br>     Plaintiff, <br><br>        v. <br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, <br><br>     Defendants. | No. 20 Civ. 10028 (KPF) |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION, <br><br>     Plaintiff, <br><br>        v. <br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, <br><br>     Defendant. | No. 20 Civ. 10848 (KPF) |
| MARCO CONSULTING GROUP TRUST I, by and through its directed trustee, The Bank of New York Mellon, <br><br>     Plaintiff, <br><br>        v. <br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, <br><br>     Defendants. | No. 21 Civ. 401 (KPF) |

| | |
|---|---|
| UNIVERSITY HEALTH, INC., SOUTHEAST GEORGIA HEALTH SYSTEM, INC., UNIVERSITY MEDICAL ASSOCIATES OF THE MEDICAL UNIVERSITY OF SOUTH CAROLINA (D/B/A MUSC PHYSICIANS), VIZIENT SOUTHERN STATES, INC., PHOENIX HEALTH CARE MANAGEMENT SERVICES, INC., AND HALIFAX REGIONAL MEDICAL CENTER EMPLOYEES' PENSION PLAN,<br><br>     Plaintiffs,<br><br>         V.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, ALLIANZ GLOBAL INVESTORS DISTRIBUTORS LLC, AND ALLIANZ SE,<br><br>     Defendants. | No. 21 Civ. 1485 (KPF) |
| ALASKA LABORERS-EMPLOYERS RETIREMENT FUND, *et al.*,<br><br>     Plaintiffs,<br><br>         v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>     Defendants. | No. 21 Civ. 1879 (KPF) |
| RAYTHEON TECHNOLOGIES CORPORATION PENSION ADMINISTRATION AND INVESTMENT COMMITTEE,<br><br>     Plaintiff,<br><br>         v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC,<br><br>     Defendant. | No. 21 Civ. 3116 (KPF) |

| | |
|---|---|
| FINANCE COMMITTEE OF THE BOARD OF DIRECTORS OF BLUE CROSS BLUE SHIELD OF MICHIGAN and BLUE CROSS BLUE SHIELD OF MICHIGAN FOUNDATION,<br><br>       Plaintiffs,<br><br>           v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC,<br><br>       Defendant. | No. 21 Civ. 3276 (KPF) |
| TEXAS TREASURY SAFEKEEPING TRUST COMPANY,<br><br>       Plaintiff,<br><br>           v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, ALLIANZ GLOBAL INVESTORS U.S. HOLDINGS LLC, ALLIANZ SE, ALLIANZ ASSET MANAGEMENT GMBH, ALLIANZ OF AMERICA, INC., ALLIANZ ASSET MANAGEMENT OF AMERICA HOLDINGS INC., ALLIANZ ASSET MANAGEMENT OF AMERICA LLC, ALLIANZ ASSET MANAGEMENT OF AMERICA LP, and PFP HOLDINGS INC.,<br><br>       Defendants. | No. 21 Civ. 6074 (KPF) |
| BOARD OF TRUSTEES OF THE SAN DIEGO COUNTY CONSTRUCTION LABORERS' PENSION TRUST FUND,<br><br>       Plaintiff,<br><br>           v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC,<br><br>       Defendant. | No. 21-cv-07898 (KPF) |

CHRISTIAN BROTHERS EMPLOYEE
RETIREMENT PLAN, and DAN STREMEL, in his
capacity as Chairperson of the Pension Board,

     Plaintiffs,

        v.

ALLIANZ GLOBAL INVESTORS U.S. LLC,
ALLIANZ GLOBAL INVESTORS U.S. HOLDINGS
LLC, ALLIANZ SE, ALLIANZ ASSET
MANAGEMENT GMBH, ALLIANZ OF AMERICA,
INC., ALLIANZ ASSET MANAGEMENT OF
AMERICA HOLDINGS INC., ALLIANZ ASSET
MANAGEMENT OF AMERICA LLC, ALLIANZ
ASSET MANAGEMENT OF AMERICA LP, AND
PFP HOLDINGS INC.,

     Defendants.

No. 21 Civ. 7388 (KPF)

It is hereby stipulated, consented to, and agreed by and among Counsel for the Parties to each of the above-captioned related actions (the "Related Actions") and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and it is hereby ordered by the Court, that:

## I.     PURPOSES AND LIMITATIONS

A.     Disclosure and discovery activity in the Related Actions may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the Related Actions may be warranted.   Accordingly, the parties in the Related Actions (each a "Party" and, collectively, the "Parties") hereby stipulate to and jointly request that the Court enter the following Stipulated Protective Order (the "Order").

B.     The purpose of this Order is to facilitate the production of Discovery Material (as defined herein), facilitate the prompt resolution of disputes over confidentiality and privilege, protect material to be kept confidential and/or privileged, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26, the judicial opinions interpreting such Rules, and any other applicable law.   Except as otherwise stated in this Order, a Party shall produce, in response to a valid discovery request, discoverable information in its possession, custody, or control that is Confidential Information or Highly Confidential Information (as defined herein), and such information shall be handled in accordance with the procedures set forth in this Order.

C.     This Order shall govern the practice and procedure in the Related Actions.   This Order and all subsequent Protective Orders shall be binding on all Parties and their Counsel in all Related Actions and any other persons or entities who become bound to this Order by signifying their assent through execution of an Agreement to Be Bound (as defined herein).

## II.    DEFINITIONS

A.    "**Agreement to Be Bound**" means the Acknowledgment of Confidentiality Designations and Agreement to Be Bound by Terms of Court Order, attached hereto as Attachment A.

B.    "**Challenging Party**" means a Party or Non-Party that challenges a claim of privilege or confidentiality designation of Discovery Material under this Order.

C.    "**Confidential Information**" means information:

1.    that may reveal a trade secret or other confidential research, development, financial information or records, proprietary business information, data security information, or network security details;

2.    that may reveal information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use;

3.    that contains information that reveals sensitive personal or private information (collectively "Sensitive Information");

4.    the disclosure of which is reasonably likely to result in unauthorized access to Sensitive Information; or

5.    any other material that is confidential pursuant to applicable law (whether foreign or domestic).

D.    "**Counsel**" means Designated Counsel, Outside Counsel of Record, and In-House Counsel (as well as their attorneys, employees, and staff).

E.    "**Designated Counsel**" means attorneys who are not Outside Counsel of Record or employees of a Party, its affiliates, or any plan sponsor of a defined benefit plan on whose behalf the Party is asserting claims (hereinafter, "constituent member organizations") but who have (i) been retained to represent or advise a Party, one of its affiliates, or one of its constituent member organizations with respect to a Related Action and have executed an Agreement to Be Bound, or (ii) have been retained on an ongoing basis by a Party, one of its affiliates, or one of its constituent

2

member organizations and who advise that Party or constituent member organization with respect to a Related Action and have executed an Agreement to Be Bound.

F.      **"Designating Party"** means a Party or Non-Party that designates Discovery Material that it produces in disclosures or in response to discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

G.      **"Discovery Material"** means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in the Related Actions, whether formally or informally and whether produced by Parties or Non-Parties.

H.      **"Expert"** means a person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in a Related Action (as well as employees of and staff supporting the Expert).

I.      **"Foreign Private Data"** means any information that a Party believes in good faith to be subject to foreign privacy or data protection laws or other privacy obligations.

J.      **"Highly Confidential Information"** means Discovery Material that (a) the Designating Party believes in good faith to be subject to foreign, federal, or state data protection laws or other privacy obligations, including, but not limited to, social security numbers; home telephone numbers and addresses; tax returns; or personal health, medical, credit, financial, or banking information or (b) meets the definition of "Confidential Information" and which the Designating Party reasonably believes to be information regarding the Producing Party's trading and investment strategies, pricing and cost information, customer lists, business strategy, trade

3

secrets, employee compensation and other commercial or financial information the disclosure of which would create a substantial risk of causing the Producing Party to suffer monetary or non-monetary injury or competitive or commercial disadvantage that could not be avoided by less restrictive means. Nothing herein precludes any Party from seeking additional protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

K.     **"In-House Counsel"** means attorneys who are employees of a Party or, where applicable, attorneys who are employees or trustees of a Party's affiliate or constituent member organization.  In-House Counsel does not include Designated Counsel, Outside Counsel of Record, or any other outside counsel.

L.     **"Non-Party"** means any natural person, partnership, corporation, association, or other legal entity not a Party or Counsel for a Party.

M.     **"Outside Counsel of Record"** means attorneys who are not employees of a Party, its affiliates, or its constituent member organizations but have been retained to represent or advise a Party and have appeared in a Related Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

N.     **"Party"** means any party to any of the Related Actions.

O.     **"Privileged Material"** means Discovery Material that is protected from disclosure under the attorney-client privilege, the work product immunity, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation, or statute.

P.      **"Producing Party"** means a Party or Non-Party that produces Discovery Material in any of the Related Actions.

Q.      **"Professional Vendors"** means persons or entities that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

R.      **"Protected Material"** means any document, data, or information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order. Documents that quote, summarize, or contain Confidential Information or Highly Confidential Information (*e.g.*, discovery responses, transcripts, and court filings) may be accorded status as Protected Material.

S.      **"Receiving Party"** means a Party that receives Discovery Material from a Producing Party.  Each Party in the Related Actions is a "Receiving Party" to the extent it receives any discovery produced by a Producing Party, and each plaintiff in the Related Actions shall be a "Receiving Party" for purposes of any discovery produced by Defendant Allianz Global Investors U.S. LLC.

T.      **"Sequester"** means to ensure that the subject information and all copies, extracts, summaries, or other materials derived from the subject information ("Sequestered Material") are not accessed or used and are stored in a manner reasonably designed to prevent such access and use, pending resolution of a dispute regarding whether a confidentiality designation or claim of privilege concerning the Sequestered Material is valid.  Copies of disclosed Confidential Information, Highly Confidential Information, or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are

5

adequately sequestered as long as they are not restored.  If such data are restored, the Receiving Party must take steps to re-sequester the restored disclosed Confidential Information, Highly Confidential Information or Privileged Material.

## III.   SCOPE

A.     The protections conferred by this Order cover Protected Material and (1) any information copied or extracted from Protected Material, including metadata or underlying code; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony, conversations or presentations (including for purposes of settlement) by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (2) any documents or information possessed by the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

B.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

C.     The terms of this Order are applicable to Protected Material produced by a Non-Party in any Related Action. Such information produced by Non-Parties in connection with a Related Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

6

## IV.     DESIGNATING PROTECTED MATERIAL

A.     Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.   The Parties shall designate Confidential Information or Highly Confidential Information in good faith to ensure that only those documents or testimony that merit Confidential or Highly Confidential treatment are so designated.   Either designation may be withdrawn by the Designating Party at any time.

B.     A Producing Party may designate a document or information as Confidential Information by clearly marking all or any part of the document with the legend "CONFIDENTIAL" and may designate a document or information as Highly Confidential Information by clearly marking all or any part of the document with the legend "HIGHLY CONFIDENTIAL" on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item is Confidential or Highly Confidential or contains such information. With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in the Related Actions shall govern the form and method for designating such documents as Confidential Information or Highly Confidential Information.

C.     The Designating Party must designate for protection only those parts of Discovery Material that qualify as Protected Material.   Mass, indiscriminate, or routinized designations are prohibited.   If it comes to a Designating Party's attention that Discovery Material that it designated as Confidential or Highly Confidential does not qualify as Protected Material, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7

D.      In the event that a Designating Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) as Confidential Information or Highly Confidential Information, such designation must be made on the record of the deposition or hearing or within forty-five (45) calendar days after receipt of the final transcript of such deposition or hearing. The specific page and line designations over which confidentiality is claimed must be provided to the other Parties within forty-five (45) calendar days of receipt of the transcript in final form from the court reporter, provided, however, that the Parties will consider reasonable requests for an extension of the deadline.  Deposition or pre-trial testimony shall be treated as Highly Confidential Information pending the deadline or, if applicable, extended deadline for designation. After the expiration of that period, the transcript shall be treated only as actually designated. Documents marked as deposition exhibits that have been previously designated as Confidential Information or Highly Confidential Information under this Order do not need to be re-designated in order to maintain their designation.  The Parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the appropriate legend, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and will note on the cover page of any such deposition the following legend: "[This Deposition/Certain Designated Pages of this Deposition] are Confidential and Subject to a Protective Order."

E.      Non-Parties producing documents in connection with discovery in any of the Related Actions may also designate documents as Confidential Information or Highly Confidential Information, subject to the same protections, obligations, and constraints as the Parties.

8

## V.      NON-DISCLOSURE OF PROTECTED MATERIAL

A.      Except with the prior written consent of the Designating Party, as provided in this

Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed

by a Receiving Party to any person except as described below.[1]

B.      Protected Material may be disclosed by a Receiving Party only to:

1.      The Receiving Party's Counsel, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such Counsel;

2.      The officers, directors, and employees of the Receiving Party,  its affiliates, or its constituent member organizations, only to the extent reasonably necessary to provide assistance with the Related Action(s) in which the Protected Material was produced (and for no other purpose);

3.      Subject to the requirements of Section IX, below, and the Court's Individual Rules of Practice in Civil Cases regarding redaction and sealing of public filings, the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in the Related Action(s) in which the Protected Material was produced;

4.      Persons shown on the face of the document or associated metadata to have authored or received it;

5.      Other persons who may be designated by written consent of the Designating Party;

6.      Other persons pursuant to Court order;

7.      Deponents and witnesses or prospective witnesses (and counsel representing such deponents and witnesses or prospective witnesses in connection with their testimony or potential testimony in the Related Action(s)) to the extent the deponent or witness sent or received or otherwise had access to the Protected Material in the ordinary course of business, is likely to have knowledge concerning the subject matter of the Protected Material, or disclosure of  the material is otherwise reasonably necessary in connection with their testimony (e.g. to prepare a 30(b)(6)

---

[1] Steadfast Insurance Company ("Steadfast") is a Party in *The Employes' Retirement System of the City of Milwuakee v. Allianz Global Investors U.S. LLC, et al*., No. 20 Civ. 8642(KPF) ("*Milwaukee*") and no other Related Action.  For the avoidance of doubt, and except as otherwise agreed by the parties in writing or Ordered by the Court, any Protected Material produced by Steadfast as a Party in *Milwaukee* may not be disclosed to the Parties in any other of the Related Actions to the extent they are not Parties in *Milwaukee*.

9

witness) in the Related Action(s) in which the Protected Material was produced or the preparation thereof;

8.    Consultants or Experts retained for the purpose of assisting counsel in the Related Action(s) in which the Protected Material was produced who have previously executed an Agreement to Be Bound (Attachment A);

9.    Professional Vendors to whom disclosure is reasonably necessary who have previously executed an Agreement to Be Bound (Attachment A);

10.   Court reporters and their staff, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for the Related Action(s) in which the Protected Material was produced and who have previously executed an Agreement to Be Bound (Attachment A);

11.   Any mediator or arbitrator engaged by the Parties to the Related Action(s) in which the Protected Material was produced, provided such persons have previously executed an Agreement to Be Bound (Attachment A); and

12.   Any insurer who may be liable to satisfy part or all of any judgment that may be entered in the Related Action(s) in which the Protected Material was produced, or to indemnify or reimburse for payments made to satisfy a judgment.

C.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to the persons identified in Section V.B, above, in accordance with the terms set forth therein, except that disclosure may not be made to the persons identified in Section V.B.2.

D.    The Receiving Party and its Counsel shall ensure that anyone receiving Confidential Information pursuant to Section V.B.1-V.B.2 is advised of the requirements of this Order and must take commercially reasonable steps to ensure that the requirements of this Order are followed by such recipients.

E.    Counsel to the Party retaining any persons receiving Protected Material pursuant to paragraphs V.B.8-V.B.11, above, shall be responsible for obtaining, prior to disclosure and as a

condition thereof, an Agreement to Be Bound executed by the person to whom the Counsel discloses the Protected Material.

F.     The Parties shall meet and confer concerning, and memorialize in the Discovery Plan to be submitted on January 25, 2021, the conditions providing for the exclusion of any person who is not authorized by this Order to receive Protected Material from depositions during periods of examination or testimony directed to or comprising Protected Material.

G.     A Receiving Party shall keep Protected Material in a secure area and shall exercise due care to restrict access to only persons authorized by this Order to receive Protected Material. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as "CONFIDENTAL" or "HIGHLY CONFIDENTIAL," consistent with the designation made by the Producing Party.  A recipient shall not duplicate any Protected Material except for use as working copies or for filing in court.

H.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve or ensure the destruction of all unauthorized copies of the Protected Material.

## VI.    DE-DESIGNATION AND CHALLENGING OF PROTECTED OR PRIVILEGED MATERIAL

A.     Any Party may request a change in the designation of any information designated as Confidential Information or Highly Confidential Information.  Any Protected Material shall be treated as designated until the change in designation is completed.

11

B.      Any Party may challenge a designation of confidentiality or privilege at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or claim of privilege is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens or a significant disruption or delay of the Related Actions, a Party does not waive its right to challenge a confidentiality designation or a claim of privilege solely because of its decision not to mount a challenge promptly after the original designation is disclosed.

C.      The Challenging Party shall object to the propriety of a confidentiality designation or claim of privilege by providing written notice identifying each challenged document by Bates number or otherwise specifically describing the challenged document and setting forth the specific reasons why the Challenging Party does not believe the confidentiality designation or claim of privilege is appropriate.  The Designating Party or its Counsel shall thereafter, within ten (10) calendar days, respond to such challenge in writing by either: (i) agreeing to remove the confidentiality designation or claim of privilege; or (ii) stating the reasons for such confidentiality designation or claim of privilege. If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days thereafter. The Parties shall attempt to resolve each challenge in good faith by conferring directly.

D.      If the Parties cannot resolve a challenge without intervention of the Court, the Challenging Party may move for an order withdrawing the specific designations on which the Challenging Party and the Designating Party could not agree.  Each such motion must include a representation that the movant has complied with the meet-and-confer requirements imposed in this Section.

E.      To the extent a Producing Party asserts a claim of privilege with respect the same Discovery Material in two or more of the Related Actions, the Producing Party may provide

12

consolidated notice of such claims of privilege in those actions, which must clearly identify the Related Actions in which the claim of privilege is being asserted and, to the extent redacted versions of the Privileged Material were produced, the corresponding Bates numbers in each of the Related Actions in which the Discovery Material was produced.  Receiving Parties must cooperate in good faith, to combine all challenges to claims of privilege reflected in such a consolidated notice and jointly negotiate any disputes with the Producing Party regarding such claims of privilege, but without prejudice to seek leave of Court to challenge such claims of privilege in their own matter for good cause.

## VII.   SUBPOENAS OR REGULATORY REQUESTS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

A.   If a Receiving Party is (i) served with a subpoena or other legal process or a court order is issued in other litigation that compels disclosure of any Protected Material, or (ii) is served with a subpoena or information request by the SEC or other regulator calling for the disclosure of any Protected Material, the Receiving Party from whom such disclosure is sought must (1) give prompt written notice (including a copy of such subpoena, information request, other legal process, or court order) to Counsel for the Designating Party, unless prohibited by law from doing so; (2) promptly notify in writing the Non-Party who caused the subpoena, information request, or order to issue that some or all of the material called for is subject to this Order (and provide a copy of this Order); and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  To the extent Protected Material is produced in response to such a subpoena, legal process, information request, or court order, the Receiving Party must use commercially reasonable efforts to ensure the continued confidentiality of the Protected Material, including, but not limited to, by seeking confidential treatment under a protective order or the Freedom of Information Act or similar state laws.

13

B.      If the Designating Party timely seeks a protective order, the Receiving Party from whom disclosure is sought shall not, to the extent permitted by applicable law, provide or otherwise disclose Protected Material before a determination by the court from which the protective order is sought, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in any Related Action to disobey a lawful directive from a regulator or another court.

## VIII.   REDACTIONS

A.      Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) Privileged Material or (ii) Information that the Producing Party claims it cannot disclose absent Court order, including Foreign Private Data.  The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or provide a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If Counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

B.      The right to challenge and process for challenging redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information and Highly Confidential Information or claims of privilege set out in Section VI, above.

14

C.      Nothing herein precludes any Party from seeking the other Party's or Parties' consent or an order allowing the Party to redact nonresponsive matter from otherwise responsive documents on a case-by-case basis.

## IX.   FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

A.      A Party or Non-Party submitting any Protected Material to the Court in the Related Actions (whether in support of a pleading or motion, at a hearing, or in connection with any other pre-trial proceeding) must file the Protected Material in redacted form or under seal to the full extent permitted by the Local Rules of the U.S. District Court for the Southern District of New York and Judge Failla's Individual Practices in Civil Cases.

B.       Consistent with Rule 9(B) and (C) of this Court's Individual Rules of Practice in Civil Cases, a Party or Non-Party seeking to file a document in redacted form or under seal or maintain such redactions or sealing must obtain the Court's approval (except for redactions permitted without Court approval pursuant to Rule 9(A) of this Court's Individual Rules of Practice in Civil Cases), and otherwise ensure compliance with the Court's Individual Rules of Practice in Civil Cases regarding redaction or sealing of filings.

C.      In addition to the procedures provided in Rule 9 of the Court's Individual Rules of Practice in Civil Cases for filing material in redacted form or under seal, a Designating Party may move the Court to maintain the redaction or sealing of Protected Material produced by the Designating Party that has been filed by another Party or Non-Party.  Such motions must be made by letter motion filed within three (3) business days of the submission of the Protected Material by another Party or Non-Party.

15

X.     **PROPER USE OF PROTECTED MATERIAL**

A.     Persons obtaining access to Protected Material pursuant to this Order shall use the Protected Material in connection with prosecuting, defending, or attempting to settle the Related Action(s) in which the Protected Material was produced only — including appeals and retrials — and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law. Any Protected Material may be disclosed only to the categories of persons and under the conditions prescribed in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

XI.     **NON-TERMINATION**

A.     The provisions of this Order shall not terminate at the final disposition of any or all of the Related Actions.  Final disposition of any Related Action shall be deemed to be the later of (1) dismissal of all claims and defenses in the action, with prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of any or all Related Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

B.     Upon written request of the Designating Party, within ninety (90) calendar days after final disposition of a Related Action, each Receiving Party in such Related Action, including its employees, attorneys, consultants, and Experts, must use commercially reasonable efforts to destroy or return to the Producing Party all Protected Material, except (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2) documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities. As used in

16

this Section, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

C.      Any return shipping done at the request of the Designating Party shall be done at the expense of the Designating Party.

D.      Whether the Protected Material is returned or destroyed, upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) states that commercially reasonable efforts have been made to assure that all Protected Material has been returned or destroyed, and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product (including all emails attaching or referring to Protected Materials); and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## XII.    NON-WAIVER OF CONFIDENTIAL STATUS OR PRIVILEGES

A.      Accidental or inadvertent disclosure of Protected Material does not waive the confidential status of such Protected Material.  In the event that Protected Material is accidentally or inadvertently disclosed without appropriate designations, any Party or Non-Party may thereafter reasonably assert designation of confidentiality, as provided in Section XIII below.

B.      In accordance with Federal Rule of Evidence 502(d), accidental or inadvertent disclosure of Privileged Material does not waive any privilege or other protection from disclosure of such Privileged Material.  In the event that Privileged Material is accidentally or inadvertently

17

disclosed, the Producing Party may thereafter assert a claim of privilege, as provided in Section XIII below. The Parties intend the provisions of this Order to provide the maximum protection available under Federal Rule of Evidence Rule 502(d).  Pursuant to Federal Rule of Evidence 502(d), this Order (and not Federal Rule of Evidence 502(b)) shall govern inadvertent disclosures of Privileged Material in the Related Actions.  If a Party complies with this Order with respect to any inadvertent disclosure, that disclosure will not operate as a waiver of any privilege or protection.

C.      This Order does not preclude a Party or Non-Party from intentionally waiving any claims of privilege or protection.

## XIII.  CLAWBACK OF DISCLOSURE

A.      A Producing Party that determines in any Related Action that it has accidentally or inadvertently made a disclosure of Protected Material, without designating it as such pursuant to the terms of this Order, or has accidentally or inadvertently made a disclosure of Privileged Material, shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

1.      in the case of Privileged Material, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not challenge the assertion, return or destroy the disclosed document or information, as well as any and all copies thereof; and (iii) if the Receiving Party does not challenge the assertion, destroy any references to the erroneously or inadvertently disclosed document or information, to the extent such references exist in other materials prepared by the Receiving Party; or,

2.      in the case of Confidential Information or Highly Confidential Information, shall mark it and all copies with the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") at the expense of the Producing Party and treat the document as Protected Material under the terms of this Order.  Alternatively, at the discretion of the Producing Party, the Producing Party may promptly provide replacement media, and the Receiving Party must promptly return the original documents and all copies

18

of the same to the Producing Party or destroy the original documents and all copies.

Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of Counsel that all of the accidentally or inadvertently Protected Material or Privileged Material identified has been returned, sequestered, or destroyed subject to the terms of this paragraph.  The Receiving Party is not required to return or destroy any Discovery Material claimed to be Privileged Material if the Receiving Party intends to move the Court (and does move within a reasonable time) for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected, but the Challenging Party must Sequester such Discovery Material until the Court has made such determination.

B.      If any produced Privileged Material, Confidential Information, or Highly Confidential Information was provided to a Non-Party by a Receiving Party before the Receiving Party was notified of the inadvertent disclosure, the Receiving Party will promptly notify the Producing Party that it had provided the Privileged Material, Confidential Information, or Highly Confidential Information to the Non-Party, and will use all reasonable efforts to secure the return of the Privileged Material or Protected Material (and the destruction of any references thereto) and/or proper designation of the Confidential Information or Highly Confidential Information, including reminding the Non-Party of its obligation to adhere to the terms of this Order that the Non-Party agreed to by executing an Agreement to Be Bound.  The Receiving Party shall notify the Producing Party and follow this procedure as to all copies of the document disclosed.

C.      If a Receiving Party disputes the Producing Party's privilege claim over inadvertently produced Privileged Material, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) calendar days of receipt of the notification of produced Privileged Information.  However, to the extent that a Producing Party

19

seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional five (5) calendar days to review such documents and dispute the privilege claims asserted over them.  The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) calendar days.  In the event that the Producing Party and Receiving Party do not resolve their dispute, the Challenging Party must bring a motion for a determination of whether a privilege applies within seven (7) calendar days of the determination that no resolution will be achieved.

D.      A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Order.

E.      Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in a Related Action (with the exception of a motion pursuant to Section XIII.C of this Order) that a Producing Party does not seek to claw back within fourteen (14) calendar days of its use ("Used Document") shall not be eligible for clawback under Sections XIII.A-C of this Order.  Such ineligibility for clawback of a Used Document under Sections XIII.A-C of this Order shall not, by itself, constitute or effect a subject matter waiver in any the Related Actions.

## XIV.  MODIFICATION PERMITTED

A.      Any Party for good cause shown may apply to the Court for modification of this Order.  This Order shall remain in full force and effect, and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the final termination or conclusion of this case, or by the filing of a notice of appeal, or

20

other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

B.      The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Order.

## XV.   MISCELLANEOUS

A.      Any Party, entity, or person covered by this Order may at any time apply to the Court for relief from any provision of this Order. Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon the Parties, with such writings to be filed with the Court if so directed.

B.      By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

C.      Unless otherwise provided herein, except in the event of a good-faith claim of violation of this Order, the Parties agree not to request executed copies of the Agreement to Be Bound (attached hereto in their unexecuted form as Attachment A) or to determine the identities of the persons signing them.

21

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 4, 2021

/s/ Hannah Ross
Hannah Ross
Avi Josefson
James Harrod
Michael Blatchley
BERNSTEIN LITOWITZ BERGER
  &amp; GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Co-Counsel for Plaintiffs Arkansas Teacher Retirement System; Christian Brothers Employee Retirement Plan, and Dan Stremel*

*Counsel for Plaintiffs Employes' Retirement System of the City of Milwaukee; Chicago & Vicinity Laborers' District Council Pension Fund and the Chicago & Vicinity Laborers' District Council Health & Welfare Fund, and Catherine Wenskus, Administrator; The Boards of Trustees for the Carpenters Health and Security Trust of Western Washington and for the Group Investment Trust of the Carpenters Individual Account Pension Trust of Western Washington; Carpenters Retirement Trust of Western Washington;*

/s/ Robert J. Giuffra, Jr.
Robert J. Giuffra, Jr.
Stephanie G. Wheeler
Kathleen Suzanne McArthur
Ann-Elizabeth Ostrager
Jacob M. Croke
Hilary M. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2468
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendant Allianz Global Investors U.S. LLC*

/s/ Robert A. Skinner
Robert A. Skinner
Amy D. Roy
Mary Elizabeth Brust
Cole A. Goodman
ROPES & GRAY LLP
Prudential Tower
800 Boylston
Boston, MA 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Co-Counsel for Defendant Allianz Global Investors U.S. LLC*

22

/s/ Fredric S. Fox
Fredric S. Fox
Donald R. Hall
Melinda Campbell
Aaron Schwartz
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7715

*Co-Counsel for Plaintiff Arkansas Teacher
Retirement System*

*Co-Counsel for Plaintiffs Chicago Area I.B of T.
Pension Plan & Trust and Local 703 I.B. of T.,
Grocery and Food Employees' Pension Plan &
Trust*

*Counsel for Plaintiff Texas Treasury
Safekeeping Trust Company*

/s/ Richard Werder
Richard Werder
Michael Liftik
Renita Sharma
Andrew Marks
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212)-849-7100

*Counsel for Defendant Aon Investments USA
Inc. f/k/a Aon Hewitt Investment Consulting,
Inc.*

/s/ David S. Golub
David S. Golub
Steven L. Bloch
Ian W. Sloss
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769

*Counsel for Plaintiffs Retirement Program
for Employees of the Town of Fairfield,
Retirement Program for Fairfield Police and
Firemen's Retirement System, and the Board
of Trustees of the New England Health Care
Employees Pension Fund, and New England
Health Care Employees Pension Fund*

23

*/s/ Jonathan L. Hochman*
Jonathan L. Hochman
Matthew A. Katz
Jenny C. Gu
SCHINDLER COHEN & HOCHMAN LLP
100 Wall Street, 15th Floor
New York, NY 10005
Telephone: (212) 277-6300
Facsimile: (212) 277-6333

*Counsel for Plaintiff Lehigh University*


*/s/ William C. Fredericks*
William C. Fredericks
Donald A. Broggi
Zachary M. Vaughan
SCOTT + SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Counsel for Plaintiffs Teamster Members
Retirement Plan f/k/a GCIU Inter-Local Pension
Plan and Bricklayers and Masons' Local Union
No. 5, Ohio Pension Fund*

24

*/s/ Daniel Z. Goldman*
Daniel Z. Goldman
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
Telephone: (212) 370-0330


*/s/ Sean W. Gallagher*
Sean W. Gallagher
Adam L. Hoeflich
Mark S. Ouweleen
Abby M. Mollen
Nicolas L. Martinez
Dawson K. Robinson
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400

*Counsel for Plaintiffs Blue Cross and Blue
Shield Association National Employee
Benefits Committee, Blue Cross and Blue
Shield Association, Finance Committee of
the Board of Directors of Blue Cross Blue
Shield of Michigan, Blue Cross Blue Shield
of Michigan Foundation, and Raytheon
Technologies Corporation Pension
Administration and Investment Committee*


*/s/ Anthony F. Shelley*
Anthony F. Shelley
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street N.W.
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 626-5924

*Counsel for Plaintiffs Blue Cross and Blue
Shield Association National Employee
Benefits Committee*

25

*/s/ Javier Bleichmar*
Javier Bleichmar
George N. Bauer
BLEICHMAR FONTI & AULD LLP
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

*Counsel for Plaintiffs Metropolitan
Transportation Authority Defined Benefit
Pension Plan Master Trust, Manhattan and
Bronx Surface Transit Operating Authority
Pension Plan, and Metropolitan Transportation
Authority Other Postemployment Benefit Plan;
and the Board of Trustees of the International
Brotherhood of Electrical Workers, Local No.
38 Pension Fund Pension Plan*


*/s/ Regina Calcaterra*
Regina Calcaterra
Justin Teres
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Telephone: (212) 899-1760
*Counsel for Plaintiffs Metropolitan
Transportation Authority Defined Benefit
Pension Plan Master Trust, Manhattan and
Bronx Surface Transit Operating Authority
Pension Plan, and Metropolitan Transportation
Authority Other Postemployment Benefit Plan*

26

_/s/ Scott F. Hessell_____

Scott F. Hessell
John Bjork
Ashima Talwar
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200

_Co-Counsel for Plaintiffs Chicago Area I.B of_
_T. Pension Plan & Trust and Local 703 I.B. of_
_T., Grocery and Food Employees' Pension Plan_
_& Trust_

27

/s/ Justin S. Brooks
Justin S. Brooks
Elizabeth H. Shofner
Reuben A. Guttman
GUTTMAN, BUSCHNER & BROOKS
PLLC
119 Coulter Ave., Suite 211
Ardmore, PA 19003
Telephone: (610) 547-9556


/s/ Jonathan D. Karmel
Jonathan D. Karmel
KARMEL LAW FIRM
221 N. La Salle Street, Suite 1550
Chicago, IL 60601
Telephone: (800) 459-6264


/s/ Kenneth A. Wexler
Kenneth A. Wexler
Mark J. Tamblyn
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222

*Co-Counsel for Plaintiffs Paul Schaefer, Robert O'Toole, Marc Parker, Brian Jordan, Mark Jacobs, and William R. Seehafer, as trustees of the United Food & Commercial Workers Unions & Employers Midwest Pension Fund, on behalf of the Plan*

28

*/s/ Brian D. Melton*
Brian D. Melton
Vineet Bhatia
Ryan T. Weiss
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366

Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100

Shawn J. Rabin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Phone: (212) 336-8330

*Counsel for Plaintiff Marco Consulting Group
Trust I*

*/s/ Bradley J. Bondi*
Bradley J. Bondi
Peter J. Linken
Samuel G. Mann
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000

*Counsel for Plaintiffs University Health, Inc.,
Southeast Georgia Health System, Inc.,
University Medical Associates of the Medical
University of South Carolina (d/b/a MUSC
Physicians), Vizient Southern States, Inc.,
Phoenix Health Care Management Services,
Inc., and Halifax Regional Medical Center
Employees' Pension Plan*

29

<u>*/s/ David S. Preminger*</u>

David S. Preminger
KELLER ROHRBACK L.L.P.
1140 Sixth Avenue, 9th Floor
New York, NY 10036
Tel.: (646) 380-6690

Erin M. Riley
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: 206-623-1900

Jeffrey Lewis
KELLER ROHRBACK L.L.P.
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel.: (510) 463-3900

Gary A. Gotto
KELLER ROHRBACK L.L.P.
3101 N. Central Ave., Suite 1400
Phoenix, AZ. 85012
Tel.: (602) 230-6322

*Counsel for Plaintiff Alaska Laborers-*
*Employers Retirement Fund*

*/s/ John Briody*
John Briody (jbriody@mckoolsmith.com)
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
Telephone: (415) 693-0700

J. Michael Hennigan
(jhennigan@mckoolsmith.com)
    *Pro hac vice application forthcoming*
Kirk D. Dillman (kdillman@mckoolsmith.com)
    *Pro hac vice*
M. Storm Byrd (sbyrd@mckoolsmith.com)
    *Pro hac vice*
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200

*Counsel for Plaintiff Board of Trustees of the*
*San Diego County Construction Laborers'*
*Pension Trust Fund*

*/s/ Jared D. Giddens*
Jared D. Giddens (jgiddens@cwlaw.com)
    *Pro hac vice*
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711

*Co-Counsel for Plaintiffs Christian Brothers*
*Employee Retirement Plan, and Dan Stremel*

cc:  Counsel of Record (by ECF)

31

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

```
The Clerk of Court is directed to enter this order in all of the
Related Actions listed in the caption above.
```

Date:   November 5, 2021                    SO ORDERED.
        New York, New York

                                            _____
                                            Hon. Katherine Polk Failla
                                            United States District Judge

32